UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Commonwealth of Pennsylvania, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2:23-cv-1483 |
| ) | |
| EQT Corporation, ) | |
| ) | |
| QEP Partners, LP ) | |
| ) | |
| Quantum Energy Partners Fund VI, LP, and ) | |
| ) | |
| Q-TH Appalachia (VI) Investment Partners, LLC, ) | |
| ) | |
| Defendants. ) | |

# FINAL CONSENT JUDGMENT

The Commonwealth of Pennsylvania ("Plaintiff") has filed its Complaint against Defendants EQT Corporation ("EQT"), and QEP Partners, LP, Quantum Energy Partners Fund VI, LP, and Q-TH Appalachia (VI) Investment Partners, LLC (collectively, "Quantum") pursuant to and alleging violations of Section 8 of the Clayton Act, as amended, 15 U.S.C. § 18, and Section 3 of the Pennsylvania

Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), as amended, 73 P.S. §§ 201-3;

Defendants acknowledge receipt of Plaintiff's Complaint and agree to waive service of summons in this action;

Plaintiff and Defendants, by their respective attorneys, have consented to the entry of this Final Consent Judgment to resolve all matters of dispute between them in this action without trial or adjudication of any issue of fact or law. This Final Consent Judgment does not constitute any evidence against or admission by any party regarding any issue of fact or law, other than the jurisdictional facts set forth herein;

Defendants have agreed to be bound by the provisions of this Final Consent Judgment pending its entry by the Court;

Defendants hereby represent to the Court that the commitments required below can and will be made and that Defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the provisions below other than those set forth in this Final Consent Judgment absent changed circumstances;

NOW, THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is **ORDERED, ADJUDGED AND DECREED**:

## I. JURISDICTION AND VENUE

A.     This Court has jurisdiction over the subject matter of and each of the parties to this action.  28 U.S.C. §§ 1331 and 1337 (a).  This Court has supplemental jurisdiction of the claims brought pursuant to state laws pursuant to 28 U.S.C. § 1367 (a).

B.     Venue is proper in this Court under Section 12 of the Clayton Act, 15 U.S.C. § 22 and under 28 U.S.C. § 1391 (b).

C.     This Court has personal jurisdiction over Defendants.

D.     Defendants have acknowledged service and waived any claim for insufficiency of process or service of process.

E.     Plaintiff represents that entry of this Final Consent Judgment is in the public interest.

## II. DEFINITIONS

Unless otherwise indicated, the capitalized terms used herein shall have the meaning ascribed to them in section I of the Decision and Order provisionally accepted by the Federal Trade Commission in the Matter of QEP Partners, LP, a limited partnership, FTC Matter No. 221-0212, on August 16, 2023, ("FTC Order"), the Decision and Order is incorporated herein by reference.  In the event the final FTC Order issued by the Federal Trade Commission in this matter differs

from the FTC Order as provisionally accepted, it is agreed the final FTC Order shall be the "FTC Order" referred to herein.

## III. APPLICABILITY

This Final Consent Judgment applies to EQT and Quantum.

## IV. REQUIRED DIVESTITURES

As provided in section IV of the FTC Order, Defendant Quantum shall make the stock divestitures required under the FTC Order by the Stock Divestiture Deadline and subject to the provisions under Section XIII of the FTC Order.

## V. REQUIRED CONDUCT

Defendants shall perform each obligation set forth in the FTC Order pursuant to the term requirements and other relevant provisions of the FTC Order to ensure the following:

1. That interlocking management does not occur as a result of the Acquisition;

2. That Quantum and EQT are operated independently of, and in competition with, each other;

3. That Non-Public Information (as defined in the FTC Order) is not shared between the Defendants, except as provided in the FTC Order;

4

    4. That the acquisition of interests, including Additional EQT Shares (as defined in the FTC Order) in entities covered by the FTC Order are in accordance with that Order.

## VI. <u>REQUIRED NOTIFICATION</u>

    A.    Defendants will provide Plaintiff with the same notification required by Paragraph IX (A) of the FTC Order directed to the Plaintiff at the same time any such notification is filed. Defendants shall notify the Plaintiff each time they seek Commission approval under the FTC Order, including under Paragraphs IV (B), VI, VII, IX (B) and XIII (C).

    B.    In addition to the foregoing notification requirements, Defendants will notify Plaintiff's designee at least thirty (30) days prior to:

        1.    Dissolution of Defendants;

        2.    Any proposed acquisition, merger or consolidation of Defendants (other than the Acquisition); or

        3.    Any other change in Defendants, including assignment and the creation or dissolution of subsidiaries, if such change might affect compliance obligations arising out of this Final Consent Judgment or the FTC Order.

    C.    Defendants shall notice the Plaintiff's designee no later than 10 days after the Defendant files a petition for bankruptcy.

## VII. <u>MONITOR</u>

The Monitor shall report in writing to Plaintiff on Defendants' compliance with the FTC Order as provided under section XII (C)(7) of the FTC Order contemporaneously with the submission of the required report to the FTC.

## VIII. <u>COMPLIANCE</u>

A.     Defendants will each provide Plaintiff with a copy of all required reports and notifications required under section XVI of the FTC Order contemporaneously with the submission of the required report or notification to the FTC.  Reports and notifications shall be sent to Plaintiff via email at [antitrust@attorneygeneral.gov](mailto:antitrust@attorneygeneral.gov) with the name of the party submitting the report or notice (either EQT or Quantum), and the word REPORT or NOTICE, as applicable, appearing in the subject line.  The email shall be sent on the same day as the report or notice is sent to the FTC.

B.     Written reports shall be verified as required under section XVI (D) of the FTC Order, and such verification is acknowledged as subject to the provisions and penalties prescribed by 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

C.     In the event Plaintiff seeks to determine or secure compliance with this Final Consent Judgment, subject to any legally-recognized privilege and upon written request by Plaintiff and upon five (5) days' notice to Defendants,

Defendants shall allow Plaintiff the same access to its facilities, materials and employees as set forth in Section XVIII of the FTC Order.  Defendants shall further permit representatives of Plaintiff to accompany any representative of the Federal Trade Commission in any inspection or interview allowed under Section XVIII of the FTC Order as it may relate to Plaintiff or to the terms of this Final Consent Judgment, and shall notify the Plaintiff of any such request by the FTC, subject to the confidentiality standards contained in the limited waivers of confidentiality entered between Defendants and Plaintiff.

## IX. <u>ENFORCEMENT</u>

If Plaintiff believes that this Final Consent Judgment has been violated, they may apply to the Court for an order of contempt.  Before doing so, Plaintiff shall give Defendants notice of its belief that the Final Consent Judgment has been breached and a reasonable opportunity for the Defendants to cure any alleged violation or violations.

The Commonwealth and Defendants hereby stipulate that the Order of Court to be issued pursuant to this Final Consent Judgment shall act as an injunction issued under Section 201-4 of the UTPCPL, and, that, subject to the specific terms and conditions stated in this Final Consent Judgment, breach of any of its terms or of the Final Decree, Order or Judgment accompanying it shall be sufficient cause

for the Commonwealth, by its Attorney General, to seek penalties as provided in Section 201-8 of the UTPCPL or any other relief as the Court shall determine.

## X. FEES AND COSTS

Within ten (10) days of entry of this Final Consent Judgment, Defendants shall pay to Plaintiff its reasonable costs and attorneys' fees incurred in connection with this in the aggregate amount of $65,292.70 pursuant to 15 U.S.C. § 26, and such payment shall be made 50% by Quantum and 50% by EQT. Such payment shall reimburse the costs and attorneys' fees of the Pennsylvania Office of Attorney General. These funds shall be used for continued public protection and antitrust enforcement and/or for any purposes permitted by state law at the sole discretion of the Pennsylvania Office of Attorney General or as otherwise permitted by state law.

## XI. RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Consent Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Consent Judgment, to modify any of its provisions, to ensure and enforce compliance and to punish violations of its provisions.

## XII. EXPIRATION OF CONSENT JUDGMENT

Except as specifically provided for in this Final Consent Judgment this Final Consent Judgment shall expire ten (10) years from the date of its entry.

IT IS SO ORDERED, this 24th day of August, 2023.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

**FOR PLAINTIFF COMMONWEALTH OF PENNSYLVANIA**

                        Michelle A. Henry
                        Attorney General

                        James A. Donahue, III
                        First Deputy Attorney General

                        Mark A. Pacella
                        Executive Deputy Attorney General
                        Public Protection Division

By: _____
                        Tracy W. Wertz
                        Chief Deputy Attorney General
                        PA Bar #69164
                        Antitrust Section

                        Joseph S. Betsko
                        Assistant Chief Deputy Attorney General
                        PA Bar #82620

                        Norman W. Marden
                        Senior Deputy Attorney General
                        PA Bar #203423
                        Office of Attorney General
                        Antitrust Section
                        14th Floor, Strawberry Square
                        Harrisburg, PA  17120
                        (717) 787-4530
                        (717) 705-7110 (fax)

                        *Attorneys for the Commonwealth of Pennsylvania*

Final Consent Judgment In re: Commonwealth of Pennsylvania v.  EQT *et al.*

**FOR DEFENDANT EQT**

*[signature]*
_____
Marin Boney, Esq.
Kirkland & Ellis LLP
1301 Pennsylvania Ave NW
Washington, DC 20004
(202)389-5299
mboney@kirkland.com

Final Consent Judgment In re: Commonwealth of Pennsylvania v. EQT *et al.*

**FOR DEFENDANT QUANTUM**

*Hill B. Wellford*
_____
Hill Wellford, Esq.
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
(202)639-6571
hwellford@velaw.com

Final Consent Judgment In re: Commonwealth of Pennsylvania v. EQT *et al.*